# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| JOSEPH A. PINKHAM, | ) |
| PLAINTIFF | ) |
| v. | ) CIVIL NO. 1:18-CV-222-DBH |
| LIBERTY INSURANCE CORPORATION, D/B/A LIBERTY MUTUAL, | ) |
| DEFENDANT | ) |

## ORDER ON DEFENDANT'S MOTION TO DISMISS COUNT III

The issue presented by this 12(b)(6) motion is whether Maine common law allows an insured to recover his attorney's fees when he successfully sues his insurer for benefits under his homeowner's insurance policy. I conclude that it does not, and **GRANT** the defendant insurer's motion to dismiss Count III of the insured plaintiff's complaint.

### FACTS AND PROCEDURAL POSTURE

I take the facts as stated in the plaintiff's complaint. On January 23, 2018, raw sewage was discharged into the plaintiff's house for five hours causing extensive and permanent damage to his house and its contents. Compl. ¶¶ 9-10 (ECF No. 1-1). The plaintiff made a claim under his homeowner's insurance policy for reimbursement of the resulting costs and losses. Compl. ¶¶ 6, 14-15. The defendant insurer denied the claim. Compl. ¶ 16.

The plaintiff then filed this lawsuit in Maine Superior Court, claiming breach of contract under the policy (Count I) and unfair claims settlement practices in violation of 24-A M.R.S. § 2436-A (Count II), and asserting a common law right to attorney's fees (Count III). The defendant removed the case to federal court based upon diversity of citizenship and moved to dismiss Count III, the common law attorney's fee claim. Notice of Removal (ECF No. 1); Def.'s Mot. (ECF No. 9).

**ANALYSIS**

*Attorney's Fees*

In Maine, under the so-called American Rule, litigants pay their own attorney's fees absent a statute, contractual provision, or common law exception to the contrary. Foremost Ins. Co. v. Levesque, 926 A.2d 1185, 1187 (Me. 2007). This generally includes breach of contract actions. Gibson v. Farm Family Mut. Ins. Co., 673 A.2d 1350, 1354 (Me. 1996).

Maine has both a statutory and common law exception permitting an award of attorney's fees in actions establishing an insurer's duty to *defend*. See 24-A M.R.S. § 2436-B; Bucci v. Essex Ins. Co., 393 F.3d 285, 292 (1st Cir. 2005) (citing Gibson, 673 A.2d at 1355-56); see also Metro. Prop. & Cas. Ins. Co. v. McCarthy, No. 2:12-CV-151-NT, 2015 WL 5440793, at *2 (D. Me. Sept. 15, 2015) (noting that the common law exception is "in some respects broader" than the statutory exception). This lawsuit is not a duty to defend case.

Maine also has a common law exception permitting an award of attorney's fees in some duty to *indemnify* cases: in Foremost, the Law Court extended the

Gibson rule "to declaratory judgment actions by an insurer seeking a declaration that it has no duty to indemnify." Foremost, 926 A.2d at 1190. But the lawsuit here is *not* a declaratory judgment action brought by an insurer. That is critical, because Foremost only allows for attorney's fees in such actions. Id.; see also id. at 1186 ("The question in this case is whether [the insured] is entitled to an award of attorney fees because he prevailed in this declaratory judgment action brought by his insurance company."); id. at 1188 (framing the issue as "whether an insurer is liable for the insured's attorney fees when the insured has to defend against the insurer's suit seeking a declaration that there is no duty to indemnify"); id. at 1189 & n.3 (categorizing other states' case law based on whether it allows attorney fees "when an insured defends a declaratory judgment" or when "the insurer had filed the declaratory judgment action"). The plaintiff himself acknowledges this. Pl.'s Opp'n 3 (ECF No. 12) ("In Foremost, the Law Court extended the right of a prevailing insured to recover attorney's fees and costs incurred *in defending a Declaratory Judgment action* filed by the insurer.") (emphasis added).[1] Foremost thus does not provide him a common law right to attorney's fees should he prevail on his coverage claim.[2]

As the plaintiff suggests, some of the Foremost reasoning might support an extension of the Gibson rule to coverage claims brought by plaintiffs. It may very well be that "[t]he harm to the insured wrongfully denied [coverage] is the

---

[1] At one point the plaintiff says that he "has been forced to bring this Declaratory Judgment action to enforce his contractual rights." Pl.'s Opp'n 4. But the plaintiff's complaint seeks damages for breach of contract and violations of 24-A M.R.S. § 2436-A, not a declaration of his rights under the policy. Nor does he invoke 14 M.R.S. § 5951 et seq., Maine's declaratory judgment statute.

[2] Attorney's fees may be available under 24-A M.R.S. § 2436-A(1), the basis of Count II.

3

same whether the insured is defending coverage litigation or is initiating coverage litigation." Pl.'s Opp'n 5; Foremost, 926 A.2d at 1188. But the Law Court has not yet said so, and "[f]ederal court is not the place to make new state law." Town & Country Motors, Inc. v. Bill Dodge Auto. Grp., Inc., 115 F. Supp. 2d 31, 33 (D. Me. 2000).

### *Certification to the Law Court*

Alternatively, the plaintiff asks me to certify a question about the scope of Foremost to the Maine Law Court pursuant to Me. R. App. P. 25(a). Pl.'s Opp'n 6; see also 4 M.R.S. § 57 (giving the Law Court jurisdiction to answer certified questions).

The Law Court can hear certified questions that "may be determinative of the cause" when "there are no clear controlling precedents." 4 M.R.S. § 57; Me. R. App. P. 25(a) (same). "A question of state law may be determinative of the cause when one possible answer will produce a 'final disposition of the federal cause.'" Davies v. Datapoint Corp., No. CIV. 94-56-P-DMC, 1996 WL 521394, at *2 (D. Me. Jan. 19, 1996) (quoting White v. Edgar, 320 A.2d 668, 677 (Me. 1974)). "Thus, unless one answer to a certified question would dispose of this entire case, certification is inappropriate." Id.; accord Allen v. Forest, 257 F. Supp. 2d 276, 278 (D. Me. 2003) ("[C]ertification is appropriate only if . . . the [Law Court's] answer to the proposed state-law question will, 'in at least one alternative, be determinative of' the federal cause.") (citations omitted); Hiram Ricker & Sons v. Students Int'l Meditation Soc., 342 A.2d 262, 264 (Me. 1975) ("'Determinative of the cause' encompasses any disposition by which the Federal controversy is

4

terminated.") (citations omitted). Here, an answer from the Law Court might terminate Count III, but it would not terminate the entire lawsuit. Certification therefore is inappropriate.

## CONCLUSION

I **GRANT** the defendant's motion to dismiss Count III of the plaintiff's complaint and **DENY** the plaintiff's request to certify the issue to the Law Court.

**SO ORDERED.**

**DATED THIS 1ST DAY OF AUGUST, 2018**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**